UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Swiftships Shipbuilders, LLC )<br>)<br>)<br>vs )<br>)<br>Atlas Marine and Defense; )<br>Lutfe Hassan; )<br>Saqib Aladin ) | Jury Trial Demanded |

**COMPLAINT**

COMES NOW, Plaintiff Swiftships Shipbuilders, LLC through undersigned counsel and files this Complaint for use of proprietary information.

PARTIES

1. Plaintiff Swiftships Shipbuilders, LLC is a Louisiana limited liability company registered in State of Louisiana and with offices in Morgan City Louisiana. Swiftships member, Calvin Leleux, is a resident of the State of Louisiana.

2. Defendant Atlas Marine and Defense, LLC is a Delaware limited liability company and has its headquarters in Washington, DC.  Lutfe Hassan is a member of Atlas Marine and is a resident of State of Texas.  Lutfe Hassan also has a residence in Washington, DC.

3. Lutfe Hassan is a resident of State of Texas.  Lutfe Hassan was former CEO of Swiftships Shipbuilders and is currently the CEO of Atlas Marine and Defense.

4. Saqib Alladin is a resident of the State of Connecticut and is the chief technology officer for Atlas Marine and Defense.  Saqib Alladin was the chief technology officer of Swiftships Shipbuilders and had access to Swiftships designs.

## JURISDICTION AND VENUE

5. Jurisdiction in the US District Court for District of Columbia is proper under federal question jurisdiction, the Lanham Act 15 U.S.C. 1121, and 28 USC § 1332, diversity of parties where the amount of dispute exceeds $75,000.  For Jurisdictional purposes, Swiftships is a citizen of Louisiana and Atlas is a citizen of Washington because its principal offices are in Washington DC.  Lutfe Hassan is a citizen of State of Texas.

6. Venue is proper pursuant to 28 USC § 1391 because Plaintiff is located in the District and substantial parts of the event that give rise to the complaint took place in the District.

## FACTS

7. Lutfe Hassan is the chairman and CEO of Defendant Atlas.

8. Defendant Atlas is a shipbuilding company with its global headquarters in Washington, DC.

9. From 2008-2012, Lutfe Hassan was the CEO of Swiftships Shipbuilders, LLC.  As CEO, Lutfe Hassan had access to all Swiftships Shipbuilders, LLC proprietary designs, and other intellectual property, such as engineering practices, welding, pipefitting, and shipbuilding practices.

10. Plaintiff Swiftships has been in existence for over 60 years.  In those years, Plaintiff Swiftships has designed 600+ vessels and is known as a leader in building patrol boats.

11. Defendant Atlas is a new company with no prior experience.

12. Defendant Atlas on its website posted pictures that were taken from Swiftships Shipbuilders, LLC. These pictures and alleged design packages were stolen from Swiftships.

13. Defendant Atlas also listed the 35 Meter patrol boat program for the Republic of Iraq as one of its projects.

14. The Plaintiff, and not the Defendant Atlas, worked the 35 Meter patrol boat program.

15. Listing the 35 Meter boat project as Defendant's creates confusion in the marketplace for the work that was actually performed by the Plaintiff.

16. Defendant Atlas also lists as one of its projects the 28 Meter patrol boats for Egypt.

17. The US Navy awarded the 28-meter patrol boat project to the Plaintiff - Swiftships. Defendant Atlas was not involved in the project at all.

18. False statements about projects completed are misleading and create confusion.

19. Defendant's Chief Technology Officer (CTO) is Mr. Saqib Alladin. He was also the former CTO for Plaintiff Swiftships. Mr. Alladin had access to all of Swiftships designs while managing the IT systems and databases. It is believed that this is how Mr. Alladin had the opportunity to steal all Swiftships designs, and is making adjustments to claim as Defendant Atlas's own work.

20. Defendant Atlas is intentionally trying to mislead the public and gain an unfair advantage in the marketplace.

21. Defendant is also unfairly competing with Plaintiff by claiming the Plaintiff's work as its own.

22. Plaintiff has reason to believe that Mr. Hassan has also been engaging international parties to exchange Swiftships design and collect royalties.

23. Plaintiff has reason to believe that during 2012, Mr. Hassan and Mr. Alladin were responsible for a security breach on the network, to steal additional intellectual property during this breach.

24. Plaintiff would like to receive monetary relief from the defendant due to act of Infringement of Intellectual Property, which was Swiftships property.

COUNT 1
FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN
IN VIOLATION OF THE LANHAM ACT

25. Plaintiff incorporates by reference the averments and allegations in paragraph 1-24 as stated herein.

26. Defendant has engaged in false advertising and false claims of sponsorship in violation of 43(a) of the Lanham act 15 USC § 1125(a) by unlawfully using the picture of the Plaintiff's design such as 35 Meter Patrol Boat, in and affecting interstate commerce, on and in connection with competitive and closely related products, services and facilities, in a manner which is likely to confuse, mislead and deceive customers and consumers as to the origin, sponsorship and affiliation of Defendants' products, services and facilities.

27. In addition to infringing on Swiftships products, Defendant has falsely stated to customers, vendors and other third parties, in commercial advertising and

promotion, in and affecting interstate commerce, that the 35 Meter patrol boats and the 25, and 28 meter patrol boats are theirs instead of Plaintiff Swiftships.

28. Defendants' false advertising, false claims of sponsorship and affiliation, and false designations of origin, in commercial advertising and promotion, are likely to confuse and mislead, have actually confused and misled, and were intended to confuse and mislead, customers and consumers as to the origin, sponsorship and affiliation of Defendants' products, services and facilities.

29. Defendants' false advertising, false claims of ownership and affiliation, and false designation of origin have proximately caused Swiftships irreparable harm and injury and, unless enjoined by this Court, will continue to cause Factory irreparable harm and injury, for which there is no adequate remedy at law. Therefore, Factory is entitled to a permanent injunction against Defendants' false advertising, false claims of sponsorship and affiliation, and false designation of origin pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

30. Defendants' false advertising and false designation of origin are and have been willful and intentional, as evidenced in part by the fact that Defendants had actual knowledge of Swiftships designs, contracts and knew that Swiftships completed the Iraqi contracts, and not Atlas, but nevertheless adopted, used and continued to use Swiftship designs and contracts on and in connection with Defendants' competitive and closely related products, services and facilities. Defendant's intentional and knowingly false statements that their company completed the Iraqi and Egyptian contract further demonstrate their willful misconduct. Therefore, Swiftships is entitled to recover three

times its damages or three times Defendants' wrongful profits, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II
### MISAPPROPRIATIONS OF TRADE SECRETS

31. Plaintiff incorporates by reference the averments and allegations in paragraph 1-25 as stated herein.

32. Swiftships is a Louisiana based corporation.

33. From 2009 until 2012, Lutfe Hassan, the Chairman and CEO of Defendant Atlas, was the chairman and CEO of Plaintiff Swiftships.

34. From 2010-2012, Saqib Alladin, Chief Technology Officer for Defendant Atlas was the Chief Technology Officer for Swiftships.

35. Both Lutfe Hassan and Saqib Alladin had access and knowledge of Swiftships' confidential and proprietary designs of Swiftships that they currently retain.

36. Both Lutfe Hassan and Saqib Alladin are senior executives of Defendant Atlas.

37. Both Lutfe Hassan and Saqib Alladin wrongfully and knowingly misappropriated the designs, which are considered trade secrets of Swiftships, use for Defendant Atlas's benefit.

38. By its wrongful actions, Defendant Atlas knowingly misappropriated and used or aided and abetted in the misappropriation of Swiftships designs.

39. Because of Defendant's wrongful actions, Swiftships has been damaged and continues to suffer irreparable injury.

40. As a direct and proximate cause of Defendant's wrongful actions, Plaintiff Swiftships is injured and Defendant Atlas was unjustly enriched.

PRAYER FOR RELIEF

41. WHEREFORE, Swiftships prays for relief as follows,

    a. Declare that Atlas used Swiftships proprietary designs

    b. Declare that Lutfe Hassan and Saqib Alladin stole Swiftships designs

    c. Award Swiftships $10,000,000 as damages

    d. Award reasonable attorneys fees

    e. Award and other relief that the court deems appropriate.

                                             Respectfully Submitted,

                                             /s/ Faisal Gill
                                             Faisal Gill
                                             DC Bar #497312
                                             Gill Law Firm
                                             1155 F Street Suite 1050
                                             Washington, Dc 20005
                                             310-418-6675
                                             202-318-5331 (f)
                                             fgill@glawoffice.com